Dear Mr. Molaison:
This office is in receipt of your opinion request containing the following questions:
 1. Is it permissible to pay a private attorney appointed pursuant to Code of Criminal Procedure article 682 when Article 683.1 authorizes payment only to a district attorney or attorney general?
 2. Does the appointed private attorney become the "district attorney" authorizing payment pursuant to Article 683.1?
 3. Are attorneys or professional fees an un-reimbursed court cost under article 683.1?
 4. If attorney fees are reimbursable under 683.1, how is a reasonable rate established?
According to Code of Criminal Procedure article 683.1, "Whenever the district attorney of the parish of original jurisdiction and venue is recused or requests another district attorney or the attorney general to undertake a prosecution or an investigation reasonably related to a possible prosecution and such other district attorney or the attorney general actually undertakes same, the costs of such prosecution and investigation shall be borne by the parish of original jurisdiction and venue, which shall reimburse such other district attorney or the attorney general therefore".
Louisiana Code of Criminal Procedure article 682 states that, "When a district attorney is recused, or recuses himself, the trial judge shall either appoint an attorney at law of that district, who has the qualifications of a district attorney and is not an assistant to the recused district attorney, to act in the place of the district attorney in the case, or shall notify the attorney general in writing of the recusation. In the latter instance, it shall be the duty of the attorney general to appoint a member of his staff or a district attorney of another district to act in the place of the recused district attorney. The substitute appointed for the recused district attorney shall have all powers of the recused district attorney with reference to the case."
Construing the language of the above articles together, we conclude the following:
 1) We believe that it is permissible to pay a private attorney appointed pursuant to Article 682, because that private attorney is, in essence, a district attorney as it relates to that specific case. Under this article, the private attorney acts in the place of the recused district attorney and has all of the same powers with reference to the case in which he or she is appointed, and therefore, is a "district attorney" for purposes of Article 683.1.
 2) Further, when the option of appointing a private attorney — rather than contacting the attorney general — is exercised, the fees of that private attorney are part of the cost of prosecution under Article 683.1 and must be paid from the parish in which the proceedings take place.
 3) As to what constitutes a reasonable rate of compensation, there is no case law specifically addressing the issue, and therefore the decision as to reasonableness in that particular judicial district should be determined by the appointing court, considering such factors as the type of charge, and the number of hours such a charge would reasonably require.
 4) I trust that this opinion has satisfactorily answered your questions. If you require further assistance, please call. With best regards, I remain
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ STEPHEN B. STREET, JR. Assistant Attorney General
SBS, Jr./et/jy
Date Released: July 11, 2003